UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | )|
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 1:21-cv-02660-CJN ) |
| DEBRA HAALAND, in her official capacity as Secretary of the United States Department of the Interior, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

**STIPULATED SETTLEMENT AGREEMENT**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity ("Center"), Humane Society International, and the Humane Society of the United States (collectively, "Plaintiffs") and Defendants Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior ("Interior"), and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on April 19, 2017, Plaintiffs submitted a petition requesting that the Service list the giraffe (*Giraffa camelopardalis*) as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*;

WHEREAS, in accordance with 16 U.S.C. § 1533(b)(3)(A), the Service issued a "90-day finding" in response to Plaintiffs' petition to list the giraffe, in which the Service concluded that the petition presented substantial information indicating that the listing of the giraffe under the ESA "may be warranted," *see* 84 Fed. Reg. 17,768, 17,770 (Apr. 26, 2019);

1

WHEREAS, on October 14, 2020, Plaintiffs sent Defendants a letter stating their intent to file suit to compel the Service to complete a "12-month finding" with respect to Plaintiffs' petition to list the giraffe;

WHEREAS, on October 12, 2021, Plaintiffs filed the above-captioned action to compel the Service to complete the "12-month finding" with respect to Plaintiffs' petition to list the giraffe by a date certain;

WHEREAS, Plaintiffs and Defendants (collectively, "the parties"), by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have negotiated a settlement that they consider to be in the public interest and a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.  On or before November 7, 2024, the Service shall review the status of the giraffe and submit to the Office of the Federal Register a determination as to whether the listing of the giraffe as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to 16 U.S.C. § 1533(b)(3)(B).

2.  The order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking

the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline specified in Paragraph 1 and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. This Agreement requires only that the Service take the action specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determination made pursuant to Paragraph 1. To challenge any final determination issued pursuant to Paragraph 1, Plaintiffs will be required to file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

5. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiffs $21,000.00 in attorneys' fees and costs. Plaintiffs agree to accept the $21,000.00 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action

for any and all attorneys' fees and costs Plaintiffs reasonably incurred in connection with the above-captioned litigation through the signing of this Agreement.

6.	The Center agrees to furnish Defendants with the information necessary to effectuate the payment set forth by Paragraph 5. Payment will be made to the Center by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from the Center or from approval of this Agreement by the Court, whichever is later.

7.	By this agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

8.	No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for making determinations regarding the listing of any species.

9.	Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, the parties do not waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10.	Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take

any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims disputed by the parties. By entering into this Agreement, the parties do not waive any legal rights, claims, or defenses, except as expressly stated herein. This Agreement contains all of the terms of agreement between the parties concerning Plaintiffs' Complaint, and is intended to be the final and sole agreement between the parties with respect thereto. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

13. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

14. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

It is so **ORDERED.**

ENTERED:  September 29, 2022

_____
THE HONORABLE CARL J. NICHOLS
UNITED STATES DISTRICT JUDGE